IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD M. MAXEY,

    Petitioner,

v.                                        CASE NO. 5:11-cv-106-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,[1]

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The docket does not reflect that Petitioner has either paid the $5.00 filing fee or filed a motion for leave to proceed as a pauper.  Further consideration of the petition will be deferred until the fee is paid or Petitioner is granted leave to proceed as a pauper.

Accordingly, upon due consideration, it is **ORDERED:**

1  That the Clerk shall forward to Petitioner an application for leave to proceed as a pauper;

2.  That Petitioner shall have until **June 15, 2011**, to either file an application for leave to proceed as a pauper or to pay the $5.00 filing fee;

3.  **That failure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this**

---

[1] Because Petitioner is an inmate in the custody of the Florida Department of Corrections (DOC), the Secretary of the DOC is the state officer who has custody of Petitioner, and therefore is properly named as the Respondent in this case. *See* Rule 2, Rules Governing Habeas Corpus Petitions under § 2254. The **Clerk** is directed to correct the docket accordingly.

**court.**[2]

**DONE AND ORDERED** this 16th day of May 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2 001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).

*Case No: 5:11-cv-106-RS-GRJ*