IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD M. MAXEY,

    Petitioner,

v.                                                       CASE NO. 5:11-cv-106-RS-GRJ

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 6, 2011. (Doc. 1.) The case is presently before the Court on Respondent's motion to dismiss based upon expiration of the one-year limitation period. (Doc. 10.) Petitioner filed a response to the motion to dismiss (Doc. 13) and therefore this matter is ripe for review. For the following reasons, it is recommended that the motion to dismiss be granted.

### One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. 28 U.S.C. § 2244(d). The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed

state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." *Id.* § 2244(d)(2); <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000).

## **Background**

Petitioner was charged in September 2007 in the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida (the "state court") with five counts of sale or delivery of a controlled substance (crack cocaine), one count of possession of a controlled substance with intent to sell or deliver the controlled substance (crack cocaine), and one count of possession of a firearm by a convicted felon. (Doc. 11 Exh. A at 1-6.) Petitioner entered a plea of nolo contendere to the charges on April 22, 2008. (*Id.* at 7-8.) Petitioner was convicted and sentenced to ten years imprisonment on the charges and judgment was entered on April 23, 2008. (*Id.* at 7-18.)

On August 27, 2008 Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 in the state court, which the state court denied on October 15, 2008. (Exh. B.) On November 20, 2008 Petitioner filed a motion to correct illegal sentence under Fla. R. Crim. P. 3.800, which the state court denied on December 5, 2008. (Exh. C.)

Petitioner then filed what was styled as his amended Rule 3.850 motion for postconviction relief on December 1, 2009. (Exh. D at 1-29.) The state court struck the motion as facially insufficient on December 10, 2009. (*Id.* at 30-31.) Petitioner refiled the amended Rule 3.850 motion on December 13, 2009. (*Id.* at 32-60.) Four of the seven grounds in the amended Rule 3.850 motion were denied with prejudice by the state court on February 23, 2010 and the state was directed to respond to the other

three grounds in the same order. (*Id.* at 88-90.)

Petitioner then filed what was styled as his second Rule 3.850 motion in the state court on March 3, 2010. (*Id.* at 107-25.) He then filed a motion to supplement/amend his second Rule 3.850 motion on April 15, 2010. (Exh. E at 195-96.) The state court denied the remaining three grounds in his amended Rule 3.850 motion and his second Rule 3.850 motion in the same order entered August 5, 2010. (Exh. F at 313-17.) On August 19, 2010, Petitioner appealed the denial of his amended Rule 3.850 motion and his second Rule 3.850 motion to the First District Court of Appeal, which affirmed *per curiam* without a written opinion on February 9, 2011. (*Id.* at 512-14; Exh. J.) Petitioner then filed a motion for clarification and certification with the appellate court on February 24, 2011, which was denied by the First District Court of Appeal on March 21, 2011. (Exhs. I and J.) The mandate issued on April 6, 2011. (Exh. PD-2.) Petitioner filed the instant Petition for Writ of Habeas Corpus on April 6, 2011 by handing it to prison officials for mailing. (Doc. 1.)

## Respondent's Motion to Dismiss

Respondent filed a motion to dismiss the petition on October 19, 2011, arguing that Petitioner did not timely file his federal petition for a writ of habeas corpus within the 1-year deadline, as required by 28 U.S.C. § 2244(d)(1). Respondent contends that more than one year elapsed between the time Petitioner's state court convictions became final and when he filed the instant Petition. (Doc. 10.)

In his response to the motion to dismiss, Petitioner contends he should be entitled to equitable tolling of the one year limitations period because he was denied adequate access to the law library at several Florida Department of Corrections facilities. (Doc. 13.)

## Discussion

Petitioner's conviction became final on or about May 23, 2008, when the 30 day period for filing a direct appeal from the April 23, 2008 judgment of his convictions pursuant to Fla. R. App. P. 9.110(b) expired. (Exh. A at 9-19.) The record reflects that Petitioner sought no further relief in state court from May 24, 2008 until August 27, 2008, 95 days later, when he filed his first Rule 3.850 motion, which the state trial court denied on October 15, 2008. Petitioner did not appear the denial of his motion. (Exh. B.) Accordingly, 95 days of Petitioner's one year statute of limitations period elapsed between May 24, 2008 and August 27, 2008.

Petitioner did not appeal the denial of his first Rule 3.850 motion and, accordingly, the denial of that motion became final 30 days later on November 14, 2008 pursuant to Fla. R. App. P. 9.110(b). Petitioner then filed his motion to correct an illegal sentence on November 20, 2008, 5 days after the denial of his first Rule 3.850 motion became final. (Exh C.)  The state court denied the motion to correct an illegal sentence on December 8, 2008. (*Id.*) Accordingly, a further 5 days of Petitioner's one year statute of limitations period elapsed between November 15, 2008 and November 20, 2008.

Petitioner did not appeal the denial of his motion to correct illegal sentence and, accordingly, the denial of that motion became final 30 days later on January 7, 2009 pursuant to Fla. R. App. P. 9.110(b). Petitioner's next filing in the state court took place on December 1, 2009, when he filed what he styled as his amended Rule 3.850 motion. (Exh. D at 1-29.)  327 days elapsed between January 8, 2009 and December 1, 2009, all of which count towards Petitioner's one year statute of limitations period.

The Petition clearly is time-barred. Four hundred twenty-seven (427) days

passed between May 23, 2008, the date his convictions became final for AEDPA purposes, and April 6, 2011, when he filed the instant Petition. The total is derived from the following events. Ninety-five (95) days passed between the date Petitioner's convictions became final and the date he filed his first Rule 3.850 motion. Five (5) days passed between the date the denial of his first Rule 3.850 motion became final and the date he filed his motion to correct illegal sentence. A further 327 days passed between the date the denial of his motion to correct illegal sentence became final and the date Petitioner filed his amended Rule 3.850 motion. In total 427 days of the one year statute of limitations period passed before Petitioner filed the instant Petition.

Petitioner argues that he is entitled to equitable tolling of AEDPA's one year limitations period because he was incarcerated at several FDOC facilities at which he was denied adequate access to the law library. This is not a valid cause for failing to file the Petition within AEDPA's one year statute of limitations period as "neither an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period." <u>Knight v. Sec'y, Dep't of Corrections</u>, No. 5:09-cv-533-Oc-29-DNF, 2011 WL 3349042, at *4 (M.D. Fla. Aug. 3, 2011); <u>Paterson v. McDonough</u>, No. 4:06-cv-138-WS-WCS, 2007 WL 1577859, at *4-*6 (N.D. Fla. May 31, 2007)(no access to a law library did not entitle the section 2254 petitioner to equitable tolling). The petition is therefore due to be dismissed as time-barred.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 10) should be **GRANTED.**

2.  The Petition for a Writ of Habeas Corpus (Doc. 1) should be **DISMISSED** with prejudice as untimely.

**IN CHAMBERS** in Gainesville, Florida this 22nd day of June 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**